UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TIMOTHY HARPER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CITY OF SAN JOSE, et al.,<br><br>　　　　Defendants. | Case No.  21-cv-00519-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS WITH LEAVE TO AMEND IN PART**<br><br>[Re:  ECF No. 20] |

　　　　Before the Court is a partial motion to dismiss filed by Defendants City of San Jose, Edgardo Garcia, Jason Dwyer, Christopher Sciba, and Jared Yuen.  ECF No. 20 ("Motion"); *see also* ECF No. 28 ("Reply").  Plaintiff Timothy Harper opposes the Motion.  ECF No. 21.  For the reasons stated on the record at the hearing on December 9, 2021, and briefly explained below, the Motion is GRANTED IN PART with leave to amend in part and DENIED IN PART.

　　　　"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'"  *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).  When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff.  *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).  However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted).  While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. On a motion to dismiss, the Court's review is limited to the face of the complaint and matters judicially noticeable. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).

      The Court first dismisses a few duplicative claims. First, the Court DISMISSES the claims against the individual Defendants in their official capacities WITHOUT LEAVE TO AMEND. "In an official-capacity suit, the government entity is the real party in interest and the plaintiff must show that the entity's policy or custom played a role in the federal law violation." *Vance v. Cnty. of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996); *see also Butler v. Elle*, 281 F.3d 1014, 1023 (9th Cir. 2002). "In contrast, in a personal-capacity suit, the plaintiff is trying to place liability directly on the state officer for actions taken under the color of state law." *Id.* (citing *Hafer v. Melo*, 502 U.S. 21, 25–27 (1991); *Brandon v. Holt*, 469 U.S. 464, 471–73 (1985)). Because the individual Defendants are sued in their official capacity as municipal officers and the municipal entity itself is also being sued, the claims against the individuals are duplicative and are accordingly dismissed. *See, e.g.*, *Sanderlin v. City of San Jose*, 2021 WL 2662094, at *2 (N.D. Cal. June 29, 2021); *Hernandez v. City of Napa*, 781 F. Supp. 2d 975, 1000 n.6 (N.D. Cal. 2011). Similarly, the Court DISMISSES claims 1 and 2 against the City of San Jose WITHOUT LEAVE TO AMEND. As to the City of San Jose only, claims 1 and 2—which assert violations of 42 U.S.C. § 1983 based on rights secured under the First and Fourth Amendments—are duplicative of Claim 3, the *Monell* claim asserted based on the same conduct. The City may only be liable through a *Monell* claim, not through any theory asserted in the type of § 1983 claim asserted against an individual.

      The Court DISMISSES WITH LEAVE TO AMEND Plaintiff's federal claims against Chief Edgardo Garcia in his personal capacity. Motion at 2–4. Plaintiff has not alleged that Chief Garcia was involved in the response to the protests in a personal capacity. Plaintiff argues that there is a reasonable inference that Chief Garcia knew about Officer Yuen's actions because he

was Chief during an "all-hands-on-deck" crowd control situation, Opp. at 6, but Plaintiff needs to plead additional non-conclusory facts to support this allegation. The Court also finds that Chief Garcia's post-incident press conference statement—that Officer Yuen was a "good kid" who "made a mistake, who let his emotions get the better of him," ECF No. 1 ("Compl.") ¶ 37—does not represent ratification of Officer Yuen's conduct. *See Hunt v. Davis*, 749 F. App'x 522, 524–26 (9th Cir. 2018) (post-incident press conference statement generally standing by police department's work not a basis for ratification). Plaintiff needs to allege either (1) Chief Garcia's personal involvement, or (2) his awareness of the lack of training in use of less-lethal weapons combined with his failure to act to correct it. In addition, Plaintiff must allege a causal connection between Chief Garcia's conduct and the constitutional violations asserted in the complaint. *See Felarca v. Birgeneau*, 891 F.3d 809, 819 (9th Cir. 2018).

The Court DISMISSES WITH LEAVE TO AMEND Plaintiff's federal claims against Sergeant Christopher Sciba in his personal capacity. Motion at 5–7. Plaintiff seeks to assert claims against Sergeant Sciba based on supervisory liability for preparing San Jose Police Department training materials on the use of less-lethal weapons, which allegedly included offensive cartoons "mock[ing] shots to the groin." Compl. ¶ 23. While the training materials could conceivably form the basis for supervisory liability, Plaintiff has not alleged sufficient facts to establish a causal connection between the training materials and Officer Yuen's actions. *See Felarca*, 891 F.3d at 819. For example, there is no allegation that Officer Yuen even viewed the training materials in question.

The Court DENIES the motion to dismiss Plaintiff's federal claims against Captain Jason Dwyer in his personal capacity. Motion at 4–5. Plaintiff alleges that Captain Dwyer was present at the protest and that he said "when my boots hit the ground . . . I stepped into a warzone," and "at 5pm on Friday, I made the call immediately," and that he had no regrets about decisions he made on May 29. Compl. ¶ 27. Defendants argue that there is no allegation about any specific decisions Captain Dwyer made that day, and that merely being present at the scene of the alleged incident is insufficient for liability. Motion at 5. The Court finds that these allegations are sufficient at the pleading stage. A reasonable inference can be drawn from Captain Dwyer's

presence that, as a captain, he gave commands that were generally followed by Officer Yuen and other officers who have yet to be identified that led to the incident in question. While the allegations are on the sparse side, Captain Dwyer's remarks, along with this reasonable inference, are sufficient for the claim to proceed past a motion to dismiss.[1]

The Court DISMISSES WITH LEAVE TO AMEND Plaintiff's *Monell* claim against the City of San Jose. Motion at 7–13. It is unclear under which theory or theories Plaintiff is pursuing his *Monell* claim. Plaintiff does not adequately allege a formal policy or a "widespread practice that, although not authorized by written law or express municipal policy, is 'so permanent and well settled as to constitute a "custom or usage" with the force of law.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167–68 (1970)). First, Plaintiff identifies no formal policy. Second, Plaintiff's only allegations regarding a custom or practice involve a separate lawsuit also pending before this Court regarding the same protest. *See* Compl. ¶ 19. But "lawsuits alone are unsubstantiated allegations that are not evidence of an unconstitutional policy." *Jean-Laurent v. Wilkerson*, 461 F. App'x 18, 22–23 (2d Cir. 2012). Third, the Court already found Plaintiff's allegations insufficient to plead ratification. Fourth and finally, Plaintiff alleges insufficient non-conclusory facts in support of a failure to train claim under *Monell*. He must plead facts that the City "can reasonably be said to have been deliberately indifferent to . . . the need for more or different training," which must have been "so obvious [that] the inadequacy [is] so likely to result in the violation of constitutional rights." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).

The Court DISMISSES WITH LEAVE TO AMEND Plaintiff's Bane Act claim, Cal. Civ. Code § 52.1, as to Defendants Garcia, Dwyer, and Sciba. Motion at 13–14. As the Court has held, courts have not applied supervisory liability to a Bane Act claim. *Ochoa v. City of San Jose*, 2021 U.S. Dist. LEXIS 226380, at *49 (N.D. Cal. Nov. 17, 2021) (citing *Sanchez v. City of Fresno*, 914 F. Supp. 2d 1079, 1119 n.19 (E.D. Cal. 2012)). Accordingly, to plead a Bane Act

---

[1] Because counsel for Defendants stated that the individual defendants have sufficient notice of the conduct alleged against each of them, the Court will not require Plaintiff to parse his allegations and claims as to each defendant and as to each of the May 29 and June 2 incidents that are the subject of the Complaint.

4

claim against these individual defendants, Plaintiff must allege facts regarding direct action each of them took against him.

The Court DENIES the motion to dismiss the intentional inflection of emotional distress claim as to Defendant Yuen. Motion at 14–15. Plaintiff provides sufficient allegations that Officer Yuen engaged in "outrageous conduct" by firing a rubber bullet at him while he was backing away, Compl. ¶¶ 25, 34; that he intended or had a reckless disregard for causing emotional distress, *id.* ¶ 76; and that this conduct caused the emotional distress Plaintiff suffered, *id. Tekle v. United States*, 511 F.3d 839, 855 (9th Cir. 2007). These facts are sufficient to plead an IIED claim at this juncture.

Finally, Defendants in one sentence in their Motion raise the issue of qualified immunity. *See* Motion at 7 (stating that Sergeant Sciba is entitled to qualified immunity for his training presentation). Although Plaintiff did not respond to that statement, the Court declines to decide qualified immunity on the basis of a single mention in the opening brief.

For the foregoing reasons, IT IS HEREBY ORDERED that the Motion is GRANTED IN PART with leave to amend in part and DENIED IN PART. Plaintiff SHALL file an amended complaint within 30 days of this order. Failure to meet the deadline to file an amended complaint or failure to cure the deficiencies identified on the record or in this order will result in a dismissal of the deficient claims with prejudice. Amendment shall not exceed the scope allowed by the Court.

Dated: December 10, 2021

_____
BETH LABSON FREEMAN
United States District Judge